UNITED STATES, Appellee,

v.

Junior MENDEZ–COLON,
Defendant, Appellant.

No. 93–1346.

United States Court of Appeals,
First Circuit.

Heard Nov. 2, 1993.

Decided Jan. 19, 1994.

Laura Maldonado Rodriguez, Asst. Federal Public Defender, with whom Benicio Sanchez Rivera, Federal Public Defender, Old San Juan, PR, was on brief for defendant, appellant.

Ernesto Hernandez–Milan, Asst. U.S. Atty., with whom Charles E. Fitzwilliam, U.S. Atty., and Joseph A. Quiles–Espinosa, Sr. Litigation Counsel, Hato Rey, PR, were on brief for appellee.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

BREYER, Chief Judge.

On October 30, 1992, the Coast Guard intercepted a wooden yawl taking 110 illegal aliens to Puerto Rico. A Border Patrol officer later recognized one of those aliens, defendant Junior Mendez Colon, as a convicted alien smuggler whom the United States had previously deported. Mendez subsequently pled guilty to the crime of unlawfully reentering the United States after being deported for conviction of a felony. 8 U.S.C. § 1326(b)(1).

When sentencing Mendez, the district court calculated a Sentencing Guidelines offense level of 6 (the "unlawful entry" base offense level of 8, U.S.S.G. § 2L1.2(a), minus two levels for "acceptance of responsibility," id. § 3E1.1(a)). It calculated a Criminal History Category of III, reflecting six criminal history points: three points for the prior felony. conviction, id. § 4A1.1(a), plus three points for committing the present crime while on supervised release and within two years of release from an earlier prison term, id. § 4A1.1(d), (e). These calculations produced a Guideline Sentence range of two to eight months imprisonment. Id. ch. 5, part A (Sentencing Table). The court then departed from that range, and imposed a prison term of 24 months. Mendez appeals the 24–month sentence on the ground that the court's upward departure was "unreasonable." 18 U.S.C. § 3742(e)(3).

We agree with Mendez that, at least, the law requires greater explanation for this departure than the sentencing court provided.

We vacate Mendez' sentence and remand the case for resentencing.

■ We have said that we normally review departures by examining (1) whether the reasons the court gave for departing are of the sort that might permit a departure in an appropriate case; (2) whether the record supports a finding of facts demonstrating the existence of such reasons; and (3) whether, given the reasons, the degree of departure is reasonable. *United States v. Diaz–Villafane*, 874 F.2d 43, 49 (1st Cir.), *cert. denied*, 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Rivera*, 994 F.2d 942, 950–52 (1st Cir.1993).

■ In this case, the district court departed from the Guideline sentence for a proper reason. At the sentencing hearing, the court stated that

> pursuant to information obtained from the U.S. Immigration and Naturalization Service ..., the defendant is a well-known alien smuggler who had been arrested on previous occasions, although not convicted, and these circumstances leads [sic] me to the conclusion that the defendant's criminal history score is under-represented, and therefore an upward adjustment or departure is warranted pursuant to Guidelines 5K2.0 and 4A1.3, and I say specifically the reason for the upward departure is because his criminal history score is under-represented.

We have observed that the Guidelines classify some reasons for departure as "encouraged," "discouraged," or "forbidden" reasons, *Rivera*, 994 F.2d at 948–49, and they "encourage" departure when a defendant's Criminal History Category

> does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes.

U.S.S.G. § 4A1.3 (p.s.). "Reliable information" concerning "prior similar adult conduct not resulting in a criminal conviction" may justify such a departure. *Id.* § 4A1.3(e). Therefore, the first part of *Diaz–Villafane's* test is satisfied.

■ As to the second part, the record provides a sufficient basis for the district court's conclusion that Criminal History Category III was inadequate in light of defendant's actual criminal history. The Pre–Sentence Report said,

> According to information provided by USINS Anti–Smuggling, S/A Joe Rivera, defendant is a well known alien smuggler and is associated with one of the most powerful alien smuggling organizations in the Dominican Republic.

The United States Attorney recommended an upward departure because, in her view, the defendant's criminal history score took account of only one of several earlier, illegal actions. She told the court that his score did not

> take[ ] into consideration ... all those other occasions when he has ... been known to bring in aliens and the other occasions ... for which he has been deported.

The defendant did not controvert these statements, nor did he deny the existence of "other occasions" of alien smuggling. Consequently, the district court's finding of circumstances warranting departure was not clearly erroneous. *See* 18 U.S.C. § 3742(e); *Diaz–Villafane*, 874 F.2d at 49.

■ Nonetheless, the extent of the departure creates a problem. Normally, where an offense level is 6, even offenders with the highest criminal history scores (those in Criminal History Category VI) cannot be sentenced to more than 18 months in prison. *See* U.S.S.G. ch. 5, part A (Sentencing Table) (attached here as an Appendix). Mendez, however, received a 24–month sentence. The problem arises because the same Guideline policy statement that describes *when* the court should depart because of a Criminal History Category's inadequacy, also describes *how* the court should depart. The Guideline's policy statement puts this direction in the following language:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history cate-

gory of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with Criminal History Category IV, the court should look to the guideline range specified for a defendant with Criminal History Category IV to guide its departure. *The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history.* In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted.... [Where that is so,] the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

*Id.* § 4A1.3 (p.s.) (emphasis added). In essence, this statement says that the court should move horizontally across the Sentencing Table, looking from one Criminal History Category to the next, until it finds the Category that best suits the circumstances. *See, e.g., United States v. Aymelek*, 926 F.2d 64, 70 (1st Cir.1991). If even the highest category, Category VI, is not sufficiently severe, then the court should move vertically from one offense level to another, until it finds the appropriate punishment. However, the court should depart beyond Category VI only *"on occasion,"* in the case of an *"egregious, serious criminal record."* U.S.S.G. § 4A1.3 (p.s.) (emphasis added).

■ The upshot is that insofar as a district court follows the policy statement's methodology by moving horizontally across the Sentencing Table, the statement provides an "encouraged" departure, which an appellate court will rarely set aside. *Rivera*, 994 F.2d at 948 (sentencing court "can feel confident, because of this encouragement, that a departure would not be 'unreasonable' "). However, the same policy statement *"discourage[s]"* departures based solely on criminal history that exceed the Category VI sen-

tence, unless the defendant's record (beyond what his criminal history points already show) is "egregious." We have held that a court may sometimes depart despite a Guideline "discouragement." *Id.* (where Guidelines provide that family circumstances "ordinarily" do not warrant departure, court may depart if unusual circumstances make the case "not at all 'ordinary' "); *see, e.g., United States v. Emery,* 991 F.2d 907, 913 (1st Cir. 1993) (upholding departure above Category VI for unusually egregious criminal record). However, when undertaking a discouraged departure, the sentencing court must focus upon the issue and explain carefully why the circumstances, which ordinarily would not support the departure, are special enough to warrant the departure in the case before it. *See Rivera,* 994 F.2d at 951 ("Were a district court ... to try to depart for a 'discouraged' reason *without recognizing that it must explain how the case (compared to other cases where the reason is present) is special,* its departure would not be lawful."); *Emery,* 991 F.2d at 913 (noting that court gave "specific reasons" why defendant's record was worse than that of most Category VI offenders).

In this case, although the sentencing court properly explained why it was departing, it did not explain why a departure created by moving horizontally to Criminal History Category IV, V, or VI (with an 18–month maximum) was not enough to remedy the Guideline Criminal History Category's inadequacy. It did not explain why, in that respect, the case is special or "egregious."

In the absence of any such explanation, and in the face of a record that is silent as to the specifics of past bad behavior, Mendez's past would seem to justify only the horizontal sort of departure "encouraged" by § 4A1.3. The court has not provided any other basis for departure. *Cf. United States v. Figaro,* 935 F.2d 4 (1st Cir.1991) (departure beyond Category VI sentence justified because defendant's *present offense* involved risk to life on ship of which he was captain, allowing a § 5K2.0 departure in addition to the § 4A1.3 departure). Consequently, we remand the case for further consideration of defendant's sentence. The parties remain free to supplement the record at a new sentencing hearing.

*The defendant's sentence is vacated, and the case is remanded for resentencing in accordance with this opinion.*

192

APPENDIX

# SENTENCING TABLE
### (in months of imprisonment)

### Criminal History Category (Criminal History Points)

| Offense Level | I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11,12) | VI (13 or more) |
|---|---|---|---|---|---|---|
| **Zone A** 1 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 |
| 2 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 1 - 7 |
| 3 | 0 - 6 | 0 - 6 | 0 - 6 | 0 - 6 | 2 - 8 | 3 - 9 |
| 4 | 0 - 6 | 0 - 6 | 0 - 6 | 2 - 8 | 4 - 10 | 6 - 12 |
| 5 | 0 - 6 | 0 - 6 | 1 - 7 | 4 - 10 | 6 - 12 | 9 - 15 |
| 6 | 0 - 6 | 1 - 7 | 2 - 8 | 6 - 12 | 9 - 15 | 12 - 18 |
| 7 | 0 - 6 | 2 - 8 | 4 - 10 | 8 - 14 | 12 - 18 | 15 - 21 |
| 8 | 0 - 6 | 4 - 10 | 6 - 12 | 10 - 16 | 15 - 21 | 18 - 24 |
| 9 | 4 - 10 | 6 - 12 | 8 - 14 | 12 - 18 | 18 - 24 | 21 - 27 |
| **Zone B** / **Zone C** 10 | 6 - 12 | 8 - 14 | 10 - 16 | 15 - 21 | 21 - 27 | 24 - 30 |
| 11 | 8 - 14 | 10 - 16 | 12 - 18 | 18 - 24 | 24 - 30 | 27 - 33 |
| 12 | 10 - 16 | 12 - 18 | 15 - 21 | 21 - 27 | 27 - 33 | 30 - 37 |
| 13 | 12 - 18 | 15 - 21 | 18 - 24 | 24 - 30 | 30 - 37 | 33 - 41 |
| 14 | 15 - 21 | 18 - 24 | 21 - 27 | 27 - 33 | 33 - 41 | 37 - 46 |
| 15 | 18 - 24 | 21 - 27 | 24 - 30 | 30 - 37 | 37 - 46 | 41 - 51 |
| 16 | 21 - 27 | 24 - 30 | 27 - 33 | 33 - 41 | 41 - 51 | 46 - 57 |
| 17 | 24 - 30 | 27 - 33 | 30 - 37 | 37 - 46 | 46 - 57 | 51 - 63 |
| 18 | 27 - 33 | 30 - 37 | 33 - 41 | 41 - 51 | 51 - 63 | 57 - 71 |
| 19 | 30 - 37 | 33 - 41 | 37 - 46 | 46 - 57 | 57 - 71 | 63 - 78 |
| 20 | 33 - 41 | 37 - 46 | 41 - 51 | 51 - 63 | 63 - 78 | 70 - 87 |
| 21 | 37 - 46 | 41 - 51 | 46 - 57 | 57 - 71 | 70 - 87 | 77 - 96 |
| 22 | 41 - 51 | 46 - 57 | 51 - 63 | 63 - 78 | 77 - 96 | 84 - 105 |
| 23 | 46 - 57 | 51 - 63 | 57 - 71 | 70 - 87 | 84 - 105 | 92 - 115 |
| 24 | 51 - 63 | 57 - 71 | 63 - 78 | 77 - 96 | 92 - 115 | 100 - 125 |
| **Zone D** 25 | 57 - 71 | 63 - 78 | 70 - 87 | 84 - 105 | 100 - 125 | 110 - 137 |
| 26 | 63 - 78 | 70 - 87 | 78 - 97 | 92 - 115 | 110 - 137 | 120 - 150 |
| 27 | 70 - 87 | 78 - 97 | 87 - 108 | 100 - 125 | 120 - 150 | 130 - 162 |
| 28 | 78 - 97 | 87 - 108 | 97 - 121 | 110 - 137 | 130 - 162 | 140 - 175 |
| 29 | 87 - 108 | 97 - 121 | 108 - 135 | 121 - 151 | 140 - 175 | 151 - 188 |
| 30 | 97 - 121 | 108 - 135 | 121 - 151 | 135 - 168 | 151 - 188 | 168 - 210 |
| 31 | 108 - 135 | 121 - 151 | 135 - 168 | 151 - 188 | 168 - 210 | 188 - 235 |
| 32 | 121 - 151 | 135 - 168 | 151 - 188 | 168 - 210 | 188 - 235 | 210 - 262 |
| 33 | 135 - 168 | 151 - 188 | 168 - 210 | 188 - 235 | 210 - 262 | 235 - 293 |
| 34 | 151 - 188 | 168 - 210 | 188 - 235 | 210 - 262 | 235 - 293 | 262 - 327 |
| 35 | 168 - 210 | 188 - 235 | 210 - 262 | 235 - 293 | 262 - 327 | 292 - 365 |
| 36 | 188 - 235 | 210 - 262 | 235 - 293 | 262 - 327 | 292 - 365 | 324 - 405 |
| 37 | 210 - 262 | 235 - 293 | 262 - 327 | 292 - 365 | 324 - 405 | 360 - life |
| 38 | 235 - 293 | 262 - 327 | 292 - 365 | 324 - 405 | 360 - life | 360 - life |
| 39 | 262 - 327 | 292 - 365 | 324 - 405 | 360 - life | 360 - life | 360 - life |
| 40 | 292 - 365 | 324 - 405 | 360 - life | 360 - life | 360 - life | 360 - life |
| 41 | 324 - 405 | 360 - life | 360 - life | 360 - life | 360 - life | 360 - life |
| 42 | 360 - life | 360 - life | 360 - life | 360 - life | 360 - life | 360 - life |
| 43 | life | life | life | life | life | life |

288

November 1, 1992