82 F.3d 403
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Roberto ROSALES, Defendant, Appellant.
 No. 95-1192.
 United States Court of Appeals, First Circuit.
 April 24, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge ]
 Theodore L. Craft on brief for appellant.
 Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Miguel A. Pereira, Assistant United States Attorney, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.
 Per Curiam.
 
 
 1
 In United States v. Rosales, 19 F.3d 763 (1st Cir.1994), this court affirmed defendant's conviction on four counts of abusive sexual conduct, in violation of 18 U.S.C. § 2244(a)(1), but remanded for resentencing because of the district court's failure to provide a rationale for the degree of upward departure undertaken. On remand, the lower court again departed upward under U.S.S.G. § 5K2.0 and again imposed a 120-month prison term. Defendant now advances two principal challenges to his new sentence--insisting that (1) the imposition of a two-level enhancement under § 3C1.1 for obstruction of justice was unwarranted, and (2) the level of upward departure was unreasonable. As neither contention proves persuasive, we summarily affirm.
 
 
 2
 Extended discussion is unnecessary. The § 3C1.1 enhancement was grounded on the district court's conclusion that defendant committed perjury during his trial testimony by repeatedly denying any involvement in the specific offense conduct charged. See, e.g., United States v. Dunnigan, 507 U.S. 87, 98 (1993) ("Upon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines."). In so concluding, the court applied the correct legal test for perjury: "whether the defendant intentionally gave false testimony concerning a material matter." United States v. Campbell, 61 F.3d 976, 984 (1st Cir.1995). Its findings adequately encompassed all of the necessary factual predicates. See, e.g., United States v. Matiz, 14 F.3d 79, 84 (1st Cir.1994) (rejecting challenge to findings less comprehensive than those issued here). And those findings were adequately supported by the record. Indeed, as the district court observed, the nature of defendant's denials--pertaining to specific allegations of personal conduct--belied any suggestion that his inaccurate testimony was attributable to "confusion, mistake, or faulty memory." Dunnigan, 507 U.S. at 95.
 
 
 3
 In objecting to the upward departure, defendant does not contend that either of the aggravating circumstances relied on by the district court was an improper basis upon which to ground a departure.[1] He does not assert that either factor was factually unsupported. And he does not reiterate his earlier argument that the degree of departure was unexplained. Instead, he insists simply that the extent of the departure undertaken was unreasonable. We disagree.
 
 
 4
 The district court departed upward by eight levels and imposed a term of 120 months--a sentence representing a 110% increase over the applicable sentencing range ceiling of 57 months. Such a departure, while substantial, cannot be deemed anomalous; we have upheld departures of even greater magnitude on various occasions. See, e.g., United States v. Rostoff, 53 F.3d 398, 411 (1st Cir.1995) (reviewing cases in which upward departures representing increases of from 165% to 380% over the respective GSR ceilings were deemed reasonable). And the 120-month sentence was well short of the applicable 40-year statutory maximum. Given these considerations, given the "persuasive[ness]" of the district court's explanation for selecting the degree of departure, United States v. Quinones, 26 F.3d 213, 220 (1st Cir.1994), and given the "substantial leeway" that is accorded such a determination, United States v. Pratt, 73 F.3d 450, 453 (1st Cir.1996), we are unprepared to say that the court acted unreasonably.[2]
 
 
 5
 Affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 The court rested its decision to depart upward on two factors: the fact that four additional victims were identified beyond those involved in the counts of conviction, and the fact that most of defendant's victims were abused on multiple occasions. It ended up adding four levels to account for each of these concerns, for a total departure of eight levels
 
 
 [2]
 Defendant has listed some five other issues in his "statement of issues," but has provided no argument with respect thereto. We therefore decline to address them. See, e.g., McIntosh v. Antonio, 71 F.3d 29, 38 (1st Cir.1995)