USCA1 Opinion

 

 April 24, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1192 UNITED STATES, Appellee, v. ROBERTO ROSALES, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Theodore L. Craft on brief for appellant. _________________ Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, _____________ ________________________ Senior Litigation Counsel, and Miguel A. Pereira, Assistant United __________________ States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. In United States v. Rosales, 19 F.3d 763 ___________ ______________ _______ (1st Cir. 1994), this court affirmed defendant's conviction on four counts of abusive sexual conduct, in violation of 18 U.S.C. 2244(a)(1), but remanded for resentencing because of the district court's failure to provide a rationale for the degree of upward departure undertaken. On remand, the lower court again departed upward under U.S.S.G. 5K2.0 and again imposed a 120-month prison term. Defendant now advances two principal challenges to his new sentence--insisting that (1) the imposition of a two-level enhancement under 3C1.1 for obstruction of justice was unwarranted, and (2) the level of upward departure was unreasonable. As neither contention proves persuasive, we summarily affirm.  Extended discussion is unnecessary. The 3C1.1 enhancement was grounded on the district court's conclusion that defendant committed perjury during his trial testimony by repeatedly denying any involvement in the specific offense conduct charged. See, e.g., United States v. Dunnigan, 507 ___ ____ _____________ ________ U.S. 87, 98 (1993) ("Upon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines."). In so concluding, the court applied the correct legal test for perjury: "whether the defendant intentionally gave false testimony concerning a material matter." United States v. ______________ Campbell, 61 F.3d 976, 984 (1st Cir. 1995). Its findings ________ -2- adequately encompassed all of the necessary factual predicates. See, e.g., United States v. Matiz, 14 F.3d 79, ___ ____ _____________ _____ 84 (1st Cir. 1994) (rejecting challenge to findings less comprehensive than those issued here). And those findings were adequately supported by the record. Indeed, as the district court observed, the nature of defendant's denials-- pertaining to specific allegations of personal conduct-- belied any suggestion that his inaccurate testimony was attributable to "confusion, mistake, or faulty memory." Dunnigan, 507 U.S. at 95. ________ In objecting to the upward departure, defendant does not contend that either of the aggravating circumstances relied on by the district court was an improper basis upon which to ground a departure.1 He does not assert that either factor 1 was factually unsupported. And he does not reiterate his earlier argument that the degree of departure was unexplained. Instead, he insists simply that the extent of the departure undertaken was unreasonable. We disagree.  The district court departed upward by eight levels and imposed a term of 120 months--a sentence representing a 110% increase over the applicable sentencing range ceiling of 57  ____________________ 1 The court rested its decision to depart upward on two 1 factors: the fact that four additional victims were identified beyond those involved in the counts of conviction, and the fact that most of defendant's victims were abused on multiple occasions. It ended up adding four levels to account for each of these concerns, for a total departure of eight levels.  -3- months. Such a departure, while substantial, cannot be deemed anomalous; we have upheld departures of even greater magnitude on various occasions. See, e.g., United States v. ___ ____ _____________ Rostoff, 53 F.3d 398, 411 (1st Cir. 1995) (reviewing cases in _______ which upward departures representing increases of from 165% to 380% over the respective GSR ceilings were deemed reasonable). And the 120-month sentence was well short of the applicable 40-year statutory maximum. Given these considerations, given the "persuasive[ness]" of the district court's explanation for selecting the degree of departure, United States v. Quinones, 26 F.3d 213, 220 (1st Cir. 1994), ______________ ________ and given the "substantial leeway" that is accorded such a determination, United States v. Pratt, 73 F.3d 450, 453 (1st _____________ _____ Cir. 1996), we are unprepared to say that the court acted unreasonably.2 2 Affirmed. See Loc. R. 27.1. ____________________________  ____________________ 2 Defendant has listed some five other issues in his 2 "statement of issues," but has provided no argument with respect thereto. We therefore decline to address them. See, ___ e.g., McIntosh v. Antonio, 71 F.3d 29, 38 (1st Cir. 1995).  ____ ________ _______ -4-