**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DENNIS RAY JONES,

    Defendant-Appellant.

No. 96-2061
(D.C. No. CR-94-747-LH)
(New Mexico)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **MCWILLIAMS**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Dennis Ray Jones appeals his conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). He argues that the district court abused its discretion by improperly limiting cross-examination of a government witness, and that remarks contained in the prosecutor's closing argument deprived him of a fair trial. We affirm.

Police officers executed a state search warrant at Mr. Jones' residence,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

where they located several guns, drug ledgers, two scales, a radio scanner, money wrappers, and approximately $6,921.00 in cash. In addition, officers found five "balls" -- two wrapped in duct tape and three in foil -- and a separate small plastic bag. Both the balls and the bag contained white powder. Officers conducted a field test in which samples of the white powder indicated methamphetamine. Detective Brian Sallee placed the balls in one evidence container and the small plastic bag in another and took them to the police station for storage. On December 12, Detective Greg Hagel checked out the two evidence containers, observed them to be maintained as described by Detective Sallee, and proceeded to analyze them for fingerprints. On December 13, DEA Agent Stephen Lillard checked out the two evidence containers, which now contained a "yellowish" powdery substance, and sent them to the DEA laboratory for forensic testing. When the DEA chemist received the evidence containers, he opened them and observed several small plastic bags containing what was now a rock-like substance. An analysis indicated the presence of 80% pure D-methamphetamine.

Mr. Jones contends the district court impermissibly restricted his cross-examination of Detective Sallee pursuant to Rule 608(b) regarding a police department investigation which cleared him of alleged mishandling of money seized during the execution of a search warrant. The district court held under Rule 403 that the proffered evidence was substantially more prejudicial than

probative and could lead to confusion of the issues, a decision we review for abuse of discretion. See United States v. Olivo, 80 F.3d 1466, 1470 (10th Cir. 1996); United States v. Morales-Quinones, 812 F.2d 604, 613 (10th Cir. 1987).

We cannot conclude the district court abused its discretion in determining the evidence was prejudicial and potentially confusing. See United States v. Ramirez, 63 F.3d 937, 943 (10th Cir. 1995) (trial court afforded broad discretion in making determination under Rule 403). Since Detective Sallee was cleared of prior wrongdoing, any connection between the investigation and his propensity for truthfulness is tenuous at best. See United States v. Phibbs, 999 F.2d 1053, 1070 (6th Cir. 1993). Moreover, although the core of Mr. Jones' defense was his assertion that the substance seized from his apartment was not the same substance later analyzed at the DEA laboratory, the evidence proffered by the government did not change from powder to solid until well after the last time it was in Detective Sallee's custody and several others handled the evidence in the meantime. The record contains nothing to demonstrate that Detective Sallee altered the evidence or its packaging subsequent to bagging it at the scene. See United States v. Hamell, 3 F.3d 1187, 1189 (8th Cir. 1993) (cross-examination concerning past misconduct disallowed where conduct was unrelated to the events involved in defendants' trial); cf. United States v. Ellzey, 936 F.2d 492, 496 (10th Cir. 1991) (limitation on cross-examination survives Confrontation Clause where

no evidence proffered to establish a link between witness' past conduct and issues in defendant's case). Since the proffered evidence is of questionable relevance, the district court did not abuse its discretion in limiting the cross-examination of Detective Sallee.

Mr. Jones next contends the district court erred in denying his motion for mistrial based on the prosecutor's remarks during closing argument, in which the prosecutor characterized Mr. Jones' defense based on mishandling of evidence as "an O.J. Simpson spin-off." Where, as here, the defendant lodges a contemporaneous objection to prosecutorial misconduct and subsequently moves for mistrial, we review the district court's denial of the motion for mistrial for abuse of discretion. See United States v. Gabaldon, 91 F.3d 91, 93 (10th Cir. 1996). We agree with Mr. Jones that the prosecutor's reference to the O.J. Simpson case in his closing argument was a gratuitous and inappropriate attempt to impugn the credibility of Mr. Jones' counsel and challenge the legitimacy of his defense. "When a prosecutor places the credibility of counsel at issue, the advantage lies solidly with the government, and thus, prosecutors are prohibited from doing so." United States v. Rosales, 19 F.3d 763, 767 (1st Cir. 1994).

Although we do not condone the prosecutor's misconduct, we nevertheless cannot conclude the district court had no alternative other than to declare a mistrial. For the district court's decision to constitute an abuse of its discretion

warranting reversal, the prosecutor's misconduct "must have been 'flagrant enough to influence the jury to convict on grounds other than the evidence presented.'" United States v. Ivy, 83 F.3d 1266, 1288 (10th Cir. 1996) (quoting United States v. Ramirez, 63 F.3d 937, 944 (10th Cir. 1995)). "In assessing whether the misconduct had such an impact, we consider the trial as a whole, including the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case." Id. Here, although the prosecutor made his improper remarks in closing argument and the court did not sustain defense counsel's contemporaneous objection, the comment was isolated and the court specifically instructed the jury that counsel's arguments are not evidence. United States v. Pena, 930 F.2d 1486, 1490-91 (10th Cir. 1991). Moreover, we find any lingering effects of the prosecutor's misconduct to be harmless; the jury acquitted Mr. Jones on two counts in spite of the inappropriate statements and had ample evidence to support its verdict. Id.

Mr. Jones' conviction is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge