**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

DENNIS RAY JONES,

        Defendant-Appellant.

No. 05-2306

(D.C. No. CIV-05-692 LH/WDS)

(D. New Mex.)

**ORDER**

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

        Appellant, a federal prisoner appearing pro se, was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).  He appealed his conviction, which we affirmed in *United States v. Jones*, No. 96-2061, 1998 WL 4355 (10th Cir. Jan. 8, 1998).  On June 20, 2005, Appellant sought review before the district court to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  On July 13, 2005, the district court issued an order requiring Appellant to show why his § 2255 motion should not be dismissed as barred by the one-year statute of limitations.

        The district court disagreed with Appellant's response–that we had authorized Appellant's § 2255 motion or, alternatively, that the recent Supreme

Court decisions of *Crawford v. Washington*, 541 U.S. 36 (2004), and *Blakely v. Washington*, 542 U.S. 296 (2004), made his motion timely. Memorandum Opinion and Order, 1-2 (D.N.M. Oct. 19, 2005). The district court explained that "[e]ven assuming for purposes of this order that *Crawford* and *Booker* recognize new rights, these decision[s] have not been made retroactive on collateral review of a criminal sentence." *Id.* at 2 (citing *Brown v. Uphoff*, 381 F.3d 1219, 1227 (10th Cir. 2004)).

The issues Appellant raises on appeal are identical to those brought before the district court. To grant a certificate of appealability, Appellant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1994). In order to meet this burden, Appellant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

We have carefully reviewed Appellant's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Appellant's filing raises an issue which meets our standard for the grant of a certificate of appealability. For substantially the same reasons set forth by the district court in its order of October 19, 2005, we cannot say "that reasonable

-2-

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Id.*

We **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge