# United States Court of Appeals
## For the First Circuit

No. 12-1477

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN MURPHY-CORDERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Torruella, Selya and Thompson,
Circuit Judges.

Joseph A. Boucher Martínez for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, for appellee.

May 24, 2013

**SELYA, Circuit Judge.** This sentencing appeal presents a modest set of issues that are susceptible to swift resolution. We briefly explain why we reject the defendant's appeal and affirm his sentence.

Defendant-appellant John Murphy-Cordero, a/k/a Hot Dog, pled guilty to a charge of conspiracy with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. At sentencing, the district court fashioned a sentencing enhancement for possession of a dangerous weapon (a gun) during and in the course of the crime of conviction, see USSG §2D1.1(b)(1), and constructed the guideline sentencing range accordingly. The court then imposed a 210-month incarcerative sentence. This timely appeal ensued.

The appeal raises three issues. We treat them sequentially.

We start with an issue concerning the scope of the appeal. The defendant entered his guilty plea pursuant to a non-binding plea agreement. See Fed. R. Crim. P. 11(c)(1)(B). The plea agreement did not mention the possibility of a dangerous weapon enhancement. It did, however, contain a waiver-of-appeal provision, which stated in pertinent part that if the district court "accepts this Plea Agreement and sentences [the defendant] according to its terms, conditions and recommendations, defendant

-2-

waives and surrenders his right to appeal the judgment and sentence in this case."

At the disposition hearing, the district court referenced the waiver-of-appeal provision and suggested that it operated to limit any appeal to the propriety of the newly emergent dangerous weapon enhancement. The defendant objects to any such circumscription of his appeal.

The defendant's objection is well-founded. The right to appeal the imposition of a criminal sentence is a substantial right and, thus, waivers of that right must be knowing, voluntary, and unequivocal. See United States v. Teeter, 257 F.3d 14, 24 (1st Cir. 2001). Moreover, waiver-of-appeal provisions, like other terms and conditions memorialized in plea agreements, are construed in accordance with contract-law principles. See United States v. Ortiz-Santiago, 211 F.3d 146, 151 (1st Cir. 2000).

Here, the plea agreement obligated both parties to recommend to the district court "that defendant be sentenced to one hundred and sixty-eight (168) months of imprisonment should defendant fall under Criminal History Category I, II or III." The district court found that the defendant was in Criminal History Category III, but nonetheless eschewed the joint sentencing recommendation and sentenced him to a longer term of immurement: 210 months. The court attributed the longer sentence to the

dangerous weapon enhancement and suggested that any appeal would be limited to testing the propriety of the enhancement.

The waiver-of-appeal provision does not make the fine distinction envisioned by the district court. Under its plain language, the district court's rejection of the 168-month sentencing recommendation — a material term of the plea agreement — vitiated the waiver-of-appeal provision in its entirety. Cf. United States v. Obeid, 707 F.3d 898, 904 (7th Cir. 2013) (explaining that "[t]he plain language of the [plea] agreement controls so long as its terms are unambiguous"). Consequently, the scope of this appeal is not circumscribed.

Although the defendant wins this battle, he loses the war. Each of his two remaining claims of error lacks force. We explain briefly.

First, the defendant challenges the two-level dangerous weapon enhancement. The applicable guideline provides that if, during the course of the crime of conviction, "a dangerous weapon (including a firearm) was possessed" by the defendant, a two-level enhancement applies. USSG §2D1.1(b)(1). The defendant posits that the record does not support the application of this guideline to his case. The defendant is wrong.

To begin, defense counsel admitted in the district court that the defendant possessed firearms during the commission of the offense of conviction. This constituted a waiver of the claim of

error that he now attempts to advance. See United States v. Jiménez, 512 F.3d 1, 7 (1st Cir. 2007); United States v. Rodríguez, 311 F.3d 435, 437 (1st Cir. 2002). In all events, the presentence investigation report (PSI Report) specifically stated that the defendant, as part and parcel of his criminal conduct, "would carry and possess firearms in furtherance of the drug trafficking organization." The defendant did not object to any aspect of the PSI Report's factual account, including the statement quoted above. This circumstance, without more, constitutes a sufficient basis for rejecting the defendant's claim of error. When a fact is specifically set out in a presentence investigation report and is not the subject of a timely objection, the district court may treat the fact as true for sentencing purposes. See United States v. Medina, 167 F.3d 77, 81 (1st Cir. 1999); United States v. Rosales, 19 F.3d 763, 770 (1st Cir. 1994). It follows, therefore, that the dangerous weapon enhancement was adequately grounded in the record.

This leaves only the defendant's plaint that the district court did not sufficiently consider the factors limned in 18 U.S.C. § 3553(a) and, to make a bad situation worse, failed adequately to explain its sentencing rationale.[1] At the outset, we note that the

---

[1] The sentencing factors set out in 18 U.S.C. § 3553(a) include, as pertinent here:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the

defendant did not raise this multi-faceted objection (or any part of it) in the court below.  Our review is, therefore, for plain error.  See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001); United States v. Robinson, 241 F.3d 115, 119 (1st Cir. 2001).  There is no plain error here.

To be sure, a sentencing court is, as a general matter, obliged to consider the section 3553(a) factors in formulating a sentence.  See, e.g., United States v. Quiñones-Medina, 553 F.3d 19, 26 (1st Cir. 2009); United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008).  However, we have never required "an express weighing of mitigating and aggravating factors." United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012).  Nor have we decreed that each section 3553(a) factor must be "individually mentioned" by the sentencing court.  Id.  This avoidance of ironclad rules recognizes that "[a] sentencing court's process of ratiocination can often be inferred by comparing what was argued by the parties or contained in the presentence report with what the judge did." United States v. Dávila-González, 595 F.3d 42, 48 (1st

law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; . . . (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records . . . .

Cir. 2010) (internal quotation marks omitted). Substance controls over form.

In the case at hand, it is readily apparent that the sentencing court considered the relevant section 3553(a) factors. The record makes manifest that the court read the PSI Report and exhibited a familiarity with its contents. It heard defense counsel's detailed plea for leniency and the defendant's allocution. In the end, it took into account not only the defendant's history, characteristics, and personal circumstances, but also the nature and gravity of the offense. It then imposed a sentence at the nadir of the applicable guideline sentencing range. We discern no error, plain or otherwise.

The defendant's related charge — that the court failed adequately to explain the sentence — is equally unavailing. In this regard, the court stated succinctly:

> This individual has a prior history of convictions. He has seven prior arrests, and only two convictions. He has a pending case of firearms in state court. . . .
>
> So what I will do is sentence him at the lower end of the applicable guideline range . . . .

This explanation, though terse, was sufficient. This is especially true because the sentence imposed was within the guideline sentencing range. While the guidelines are advisory, see United States v. Booker, 543 U.S. 220, 245 (2005), and the guideline sentencing range is not controlling with respect to the

reasonableness of a particular sentence, see United States v. Gates, 709 F.3d 58, 71 (1st Cir. 2013); United States v. Jiménez-Beltre, 440 F.3d 514, 517-18 (1st Cir. 2006) (en banc), the fact that a sentence is within a properly calculated range bears directly on the needed degree of explanation: a within-the-range sentence typically requires a less elaborate explanation than a variant sentence. See United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011); United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006). Where, as here, a sentencing court offers a plausible rationale in support of a within-the-range sentence, it need not wax longiloquent. In this context, as elsewhere, brevity is sometimes a virtue rather than a vice.

We need go no further. For the reasons elucidated above, the defendant's sentence is summarily affirmed. See 1st Cir. R. 27.0(c).

**Affirmed.**