Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 14-2126

UNITED STATES OF AMERICA,

Appellee,

v.

CYRIL PETER JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Lynch, Lipez, and Thompson,
Circuit Judges.

Rafael F. Castro Lang on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

January 28, 2016

**THOMPSON**, <u>Circuit Judge</u>.

### Stage-Setting

As part of a written plea agreement, Cyril Peter Jr. pled guilty to one count of importing at least 500 grams of cocaine into the United States, waiving his right to appeal his sentence if the district judge sentenced him according to its terms and recommendations — one term, for example, set Peter's adjusted-offense level under the sentencing guidelines at 25.[1] The judge at sentencing did start with level 25. But over the government's — not the defense's — objection, the judge then lowered that number to 23 after giving Peter the benefit of a proposed guidelines amendment pending at the time of sentencing (that amendment — later adopted — reduced the offense levels for various drug crimes).[2] Combined with his criminal-history category of IV, this number netted Peter a guidelines-sentencing range of 70-87 months (for comparison, had the judge <u>not</u> applied the then-pending amendment,

---

[1] As per usual, we pull the background facts from the plea agreement, the unchallenged parts of the presentence-investigation report, and the transcripts from the relevant court hearings. <u>See</u>, <u>e.g.</u>, <u>United States</u> v. <u>Romero-Galindez</u>, 782 F.3d 63, 65 n.1 (1st Cir. 2015).

[2] Defense counsel thanked the judge for dropping the offense level to 23.

Peter's range would have been 84-105 months).[3]  And the judge ultimately handed out a within-guidelines sentence of 87 months.

From this sentence, Peter appeals.  He first argues that the appeal-waiver provision is not enforceable because the judge did not adequately explain its significance to him, because the judge settled on an adjusted-offense level different from the one the parties had agreed to in the plea agreement (23, rather than the bargained-for 25), and because holding him to that provision would work a miscarriage of justice.  He then argues that his sentence is either procedurally or substantively unreasonable, accusing the judge of not appreciating the full extent of his cooperation, not thinking about giving him a sentencing break because he was only a minor participant in the crime, not considering all of the relevant sentencing factors in 18 U.S.C. § 3553(a), and not offering sufficient reasons for the chosen sentence.  The government, unsurprisingly, disagrees with every one of Peter's arguments.

For our part, we opt to avoid the appeal-waiver issue, because even assuming that the fought-over provision does not apply, we can easily handle this case on the merits.  See United States v. Dávila-Tapia, 491 F. App'x 197, 198 (1st Cir. 2012)

---

[3] Peter does not challenge his assigned criminal-history category, by the way.

(explaining that while "the resolution of the [appeal-waiver] issue is not clear-cut" because "of what transpired" below, "the claim of sentencing error itself is easily dispatched" and so "[f]or ease of analysis, we . . . assume arguendo that the waiver-of-appeal provision does not bar the maintenance of this appeal"); see also United States v. Sánchez-Maldonado, 737 F.3d 826, 827-28 (1st Cir. 2013) (taking a similar tack in a similar situation). So on to the merits we go, mindful that our review is for abuse of discretion only.[4]  See, e.g., United States v. Razo, 782 F.3d 31, 36 (1st Cir. 2015).

## Procedural Reasonableness

We start with procedural reasonableness:

**1**. Kicking things off, Peter blasts the judge for thinking that because prosecutors never moved for a sentence reduction for substantial assistance under section 5K1.1 of the sentencing guidelines, he could not — and so did not — consider Peter's cooperation.  To give this theory an aura of legitimacy, Peter plays up what the judge said at a pretrial conference (held before the change-of-plea hearing): "If I don't see the motion for cooperation, there is none."  Peter is right that a sentencer can

---

[4] It is debatable whether Peter did enough below to preserve every point for review.  But we need not decide whether plain-error review applies because his arguments fail under the abuse-of-discretion standard.

consider a defendant's cooperation with prosecutors even if prosecutors have not made a section 5K1.1 motion. See United States v. Landrón-Class, 696 F.3d 62, 77 (1st Cir. 2012). But at sentencing — which occurred roughly three months after the judge's quoted comment — the judge intimated no whisper of a hint of a suggestion that he felt that he could not consider Peter's cooperation. Actually, the judge listened as defense counsel pitched Peter's cooperation efforts; rather than ordering counsel to stop, the judge let counsel go on; and the judge took it all in, saying "[v]ery well" at the end — all of which indicates that the judge (despite what Peter argues) believed that he "had the discretion to consider the extent of appellant's cooperation in fashioning the appropriate sentence." See id.

**2.** Also misfiring is Peter's claim that the judge erred by not thinking about shaving off some time given his (supposedly) minor role in the crime, see USSG § 3B1.2(b) — a theory premised on his being nothing more than a "drug mule."[5] We see two problems for Peter. One is that the plea agreement specifically says that he cannot request any "further adjustments." Another is that to score a minor-role adjustment, he has to show that he is both less culpable than (a) most of those involved in the crime of conviction

---

[5] Any reference to the sentencing guidelines is to those effective November 1, 2013.

and (b) most of those who have committed similar crimes.  See United States v. Meléndez-Rivera, 782 F.3d 26, 28 (1st Cir. 2015). Yet he makes no effort to explain how he satisfies either prong (he does not even cite the test, let alone apply it), resulting in waiver of this issue.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

**3.** We disagree too with Peter's suggestion that the judge did not adequately explain the rationale for the within-the-range sentence.  Here is why.

Before pronouncing sentence, the judge heard the defense's leniency plea — focusing on, for example, mitigating factors like Peter's role in the drug scheme and his cooperation efforts.  And then the judge touched on Peter's education and work experience, his battles with substance abuse, and his previous scrapes with the law (giving him one of the highest available criminal-history categories, IV) — as well as the seriousness of the offense (at least inferentially, given the judge's mention of the cocaine amount involved plus the judge's decision to lower his offense level by applying a not-yet-effective guidelines amendment).  Wait, says Peter, the judge did not expressly reference the mitigating factors.  True.  But "[w]e have never required that sentenc[ers] . . . undertake 'an express weighing of mitigating and aggravating factors.'"  United States v. Ocasio-

Cancel, 727 F.3d 85, 91 (1st Cir. 2013) (quoting United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012)). And besides, a judge's "reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did." United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc). Such is the case here, i.e., we can infer from the presentence papers and arguments that the judge considered Peter's points before selecting a sentence.

Now, yes, the judge's explanation was a bit brief. But brief does not automatically mean inadequate. See, e.g., United States v. Vargas-García, 794 F.3d 162, 166 (1st Cir. 2015); United States v. Turbides-Leonardo, 468 F.3d 34, 42 (1st Cir. 2006). And for the reasons just given, we find the explanation adequate, particularly since a judge "need not wax longiloquent" when handing down a within-the-range sentence. See United States v. Murphy-Cordero, 715 F.3d 398, 402 (1st Cir. 2013).

The bottom line is that we cannot find Peter's within-the-range sentence procedurally unreasonable.

### Substantive Reasonableness

Nor can we find the sentence substantively unreasonable, despite Peter's dogged insistence:

**1.** Noting that a sentence passes substantive-reasonableness review if the judge's reasoning is plausible and

- 7 -

the result is defensible, see United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008), Peter writes that "there is no sentencing rationale and no defensible result" here. But what we have just said about the judge's explicit and implicit reasoning kiboshes the idea that his decision is reason-less. And knowing that "there is no perfect sentence but, rather, a wide universe of supportable sentencing outcomes," we also think that what we have just said about the judge's analysis kiboshes the idea that the sentence here is indefensible. See United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir.) (stressing too that "[t]he fact that we, from a lofty appellate perch, might think some lesser sentence appropriate is not, in itself, a sufficient reason to disturb the district court's exercise of its discretion"), cert. denied, 135 S. Ct. 293 (2014).

**2.** Ever persistent, Peter recycles another already-rejected argument — namely, that the judge did not consider the "mitigating factors" raised below. But our conclusion that one can infer that the judge was simply not impressed with these factors cuts the legs out from under this theory. As a fallback, Peter intimates that the judge should have placed decisive weight on the mitigating factors. But a judge's choosing "not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence

- 8 -

unreasonable."  United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

So just like with his procedural-reasonableness claim, Peter's substantive-reasonableness claim fails because we spy no abuse of discretion on the judge's part.

### Wrap Up

Our work over, we **affirm** Peter's sentence.