**VAL–COM ACQUISITIONS TRUST; John Mark Scantling; Mickie S. Scantling, Plaintiffs–Appellants**

v.

**CHASE HOME FINANCE, L.L.C., Defendant–Appellee.**

**No. 11–10038**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 13, 2011.

Stephen Warner Tiemann, Esq., Arlington, TX, for Plaintiffs–Appellants.

Marcie Lynn Schout, William Lance Lewis, Esq., Quilling, Selander, Lownds, Winslett & Moser, P.C., Dallas, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

The plaintiffs John and Mickie Scantling purchased a home in 1993, financing the purchase through a note and deed of trust payable to Temple–Inland Mortgage Corporation. After the mortgage went into default, the Scantlings transferred title to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the home to the plaintiff Val–Com Acquisitions Trust. All three plaintiffs then brought suit against the defendant Chase Home Finance. Their amended complaint alleged a variety of claims, all of which the district court dismissed under Federal Rule of Civil Procedure 12(b)(6). The plaintiffs appeal the dismissal of only one of those claims: that they are entitled to a declaratory judgment of whether Chase is the owner and/or holder of the note and deed of trust, is entitled to enforce the note and deed of trust, is the mortgage servicer of the note and deed of trust, may administer a foreclosure of the home on behalf of the mortgagee, and is entitled to enforce the note and deed of trust by means of a non-judicial foreclosure sale.

The Declaratory Judgment Act authorizes the federal courts to "declare the rights and other legal relations of any interested party seeking such declaration."[1] Such a declaration may issue only to resolve an actual controversy between the parties.[2] An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests."[3] The controversy " 'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.' "[4] The plaintiffs have the burden of establishing the existence of an actual controversy under the Act.[5]

Here, the plaintiffs have failed to carry that burden. The plaintiffs' first amended complaint does not allege—even on information and belief—that Chase is not the owner and/or holder of the note and deed of trust, that Chase is not the mortgage servicer, or that Chase has no right to enforce the note and deed of trust by administering a non-judicial foreclosure sale. While there could be a dispute between the parties, absent any allegation that Chase is not who it says it is, that dispute has not ripened into an actual controversy. Any such dispute is, at this point, hypothetical or conjectural. As a result, the district court was correct to dismiss the plaintiffs' request for a declaratory judgment.

AFFIRMED.

1. 28 U.S.C. § 2201(a).

2. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir.2000) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).

3. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (citation and internal quotation marks omitted).

4. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir.1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir.1967))

5. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir.2009); *Young v. Vannerson*, 612 F.Supp.2d 829, 840 (S.D.Tex. 2009).