RECEIVED IN
The Court of Appeals
Sixth District

MAR 1 6 2015
ℛ. 𝒢.𝒶(ḃ)
Texarkana, Texas
Debra Autrey, Clerk

# ORIGINAL

**06-14-00105-CV**

FILED IN
The Court of Appeals
Sixth District

MAR 1 6 2015

Texarkana, Texas
Debra K. Autrey, Clerk

## IN THE COURT OF APPEALS
## SIXTH DISTRICT
## TEXARKANA, TEXAS

### PLETZE BROWN JR.,
### APPELLANT

### V.

### CITI MORTGAGE, INC.
### APPELLEE

### BRIEF OF APPELLANT

### ON APPEAL FROM THE COUNTY COURT AT LAW, NO. 2
### DALLAS COUNTY, TEXAS, CASE NUMBER CC-14-04645-B

**Pletze Brown**
**2412PoincianaPlace**
**Dallas, TX 75212**
**APPELLANT, PRO-SE**

## **IDENTITY OF PARTIES AND COUNSEL**

The following is a list of all parties and all counsel in this matter:

Appellant in this matter is Joe Pletze Brown, and Appellee in the underlying case is Citi Mortgage, Inc.

The County Court Judge in this matter is the Honorable Fifer King, Judge of the County Court at Law, No. 2 Dallas County, Texas.

The real party in interest, Appellee CITI MORTGAGE, INC is represented by counsel as indicated:

Lauren Christoffel
Barrett, Daffin, Frappier, Turner & Engel
15000 Surveyor Blvd, Ste 100Addison, Tx 75001-4417

# TABLE OF CONTENTS

Page

Identity of Parties and
Counsel............................................................ii

Table of Contents............................................iii

Index of Authorities....................................iv-vi

Statement of the Case................................vii

Any Statement Regarding Oral Argument............viii

Issues Presented For Review............................1

Statement of Facts.......................................1,2

Summary of the Argument.............................2

Argument...................................................2-5

Prayer..........................................................8

Certificate of Compliance...............................9

Certificate of Service....................................10

APPENDIX...................................................11

    A. August 28, 2009 Acceleration of Debt

    B. *KINGMAN VS BANK OF NEW YORK,*
       *US DISTRICT COURT, NDTX, DALLAS*
       *DIVISION, CV. NO. 3:13-CV-1688-L*

# INDEX OF AUTHORITIES

## CASES:

## PAGE

*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d
845, 848 (Tex. 2005)

*Kingman v US Bank Of New York Bank Of New
York*. Northern District of Texas CV.
NO. 3;13-CV-1688-L

*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860,
863 (Tex. 2010).

## RULES

**Federal Rules of Civil Procedure**

Rule 12(b)(6)

## Texas Civil Practices and Remedies Code

C.P.R.C. § 16.035

16.036

16.062

## STATEMENT OF THE CASE

This is an appeal of the granting of a Summary judgment for the Appellee by the County Court at Law No 2Court and affirmed by the County Court at Law, No 2. The Appellant presented documentation that the Appellee's were not the rightful owners of the property and challenged Texas/Federal (4) Four Statute of Limitations to accelerate the Deed of trust.

The County Court at Law, No. 2 ruled against the Appellant without addressing the issue , and despite Appellant having Statutory Texas Law and Federal Court Rulings, which are on point to Appellant's claims. This Court's Ruling is needed to preserve the Texas Statutory and Federal Rulings and integrity of the Court System.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant request oral argument concerning these issues because the foreclosure Laws involved are subject to Law of the Case Doctrine and oral argument would further contribute to the abuse of discretion arguments. Appellant believes that a strong public interest would be served by the granting of oral argument in this case, but leaves it to the discretion of this Honorable Court.

## ISSUES PRESENTED FOR REVIEW

### POINT ONE
**APPELLEE CITIMORTGAGE DOES NOT HAVE STANDING TO ENFORCE SECURITY INTEREST IN SUBJECT PROPERTY AND DEFENDANT'S COUNTER CLAIM FOR SUMMARY JUDGMENT**

### POINT TWO

**THE APPELLEES OVERLOOKED *KINGMAN VS BANK OF NEW YORK, UNITED STATES DISTRICT COURT, NDTX, DALLAS DIVISION, CV. NO. 3:13-CV-1688-L*, WHICH HELD THAT AN ALLEGATION THAT MORE THAN FOUR YEARS HAVE ELAPSED SINCE THE NOTE SECURED BY THE DEED WAS ACCELERATED IS SUFFICIENT AT A MOTION TO DISMISS STAGE**

## STATEMENT OF FACTS

n Appellant Brown's case, On April 12, 2010, in JP Court, Precinct 5, Place 1 Dallas County, Cause No. JE10002870, CitiMortgage filed a Forcible detainer against Appellant's s home. On April 22, 2010 – said Case was appealed from JP Court to County Court at Law 2, Case No. CC-10-02701-A. On April 3, 2013 Citi Mortgage Inc filed a forcible detainer, Cause No. JE 13-00913-P on Appellant's Home and subsequently, on August 22, 2014, CitiMortgage filed a third forcible detainer ,Cause No. JE1452708-P, on Appellant's same home.

## SUMMARY OF ARGUMENT

A trial court clearly abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. In Appellant's case the Court failed to follow the mandates of The Texas Supreme Court and numerous Texas Court of Appeals.

## ARGUMENTS

### POINT ONE
### APPELLEE CITIMORTGAGE DOES NOT HAVE STANDING TO ENFORCE SECURITY INTEREST IN SUBJECT PROPERTY AND DEFENDANT'S COUNTER CLAIM FOR SUMMARY JUDGMENT

On August 28, 2009 Appellee CitiMortgage accelerated the maturity of the debt.**(Appendix "A").** Almost 5 years later Appellee , On August 22, 2014, filed a Complaint for eviction.

Appellant alleges that the statute of limitations renders Appellee's deed of trust unenforceable. The relevant statute of limitations is C.P.R.C. § 16.035, which provides:

**(2)**

"(a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.

(b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

(c) The running of the statute of limitations is not suspended against a bona fide purchaser for value, a lien holder, or a lessee who has no notice or knowledge of the suspension of the limitations period and who acquires an interest in the property when a cause of action on an outstanding real property lien has accrued for more than four years, except as provided by:

(1) Section 16.062, providing for suspension in the event of death; or

(2) Section 16.036, providing for recorded extensions of real property liens.

**(A) On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void."** (Emphasis added).

A void judgment is subject to collateral attack. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010). A trial court's judgment is void if the court lacked jurisdiction over the subject matter of the claim. *Id.* A trial court has jurisdiction over the subject matter of a claim only if the claimant has standing to assert the claim. *Joachim*, 315 S.W.3d at 865. —The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a =justiciable interest' in its outcome . . . .*Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).

## POINT TWO

## THE APPELLEES OVERLOOKED *KINGMAN VS BANK OF NEW YORK, UNITED STATES DISTRICT COURT, NDTX, DALLAS DIVISION, CV. NO. 3:13-CV-1688-L*, WHICH HELD THAT AN ALLEGATION THAT MORE THAN FOUR YEARS HAVE ELAPSED SINCE THE NOTE SECURED BY THE DEED WAS ACCELERATED IS SUFFICIENT AT A MOTION TO DISMISS STAGE

Under *Kingman v. The Bank Of New York*. Northern District of Texas

*CV. NO. 3;13-CV-1688-L, United States District Court, N.D. Texas,*

*Dallas Division*, July 31, 2013   MEMORANDUM OPINION AND ORDER,

SAM A. LINDSAY, the District Judge held:

> Before the court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), filed on May 9, 2013, and Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15), filed June 24, 2013. After carefully considering the motion, briefing, pleadings, and applicable law, the court vacates the order of reference to the magistrate judge (Doc. 12) of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), denies as moot Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7) in light of Defendant's later filed motion to dismiss Plaintiff's Amended Complaint, and denies Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15).

( Attached Appendix B)

**(4)**

## A. Statute of Limitations

Appellant contends that Appellee's allegation that the statute of limitations has run on Defendant's time to foreclose on the Property is baseless. Appellant contends that dismissal of this action is appropriate because Appellee does not allege when the loan was accelerated and instead relies on speculation that it has been four years since the loan was accelerated. The court disagrees and concludes that Appellee 's allegation, that more than four years have elapsed since the Note secured by the Deed was accelerated, is sufficient at this stage. **The court will therefore deny Defendant's motion to dismiss on this ground. (Exhibit "B")**

Dallas Federal Judge, Sam A. Lindsay, held in the Kingman vs. Bank of New York, that the Defendant contended that dismissal of this action is appropriate because Plaintiff does not allege when the loan was accelerated and instead relies on speculation that it has been four years since the loan was accelerated. The court disagreed and concluded that Plaintiff's allegation, that more than four years have elapsed since the Note secured by the Deed was accelerated, is sufficient at this stage". Clearly on point with Appellantt's Complaint allegation. In sum, Appellant has stated a claim for relief at this stage. Appellant is entitled to discovery. This Court should reverse Appellee's case and order the case to proceed to trial.

## B. APPELLEE'S COMPLAINT ALLEGES MORE THAN FOUR YEARS ELAPSED SINCE THE DEED OF TRUST WAS ACCELERATED

Appellant, in his Complaint, argues that, upon information and belief Plaintiff is informed and believes and based thereon alleges that more than four years has elapsed since the note secured by the deed of trust was accelerated**(Exhibit "A"):**

Upon information and belief, Appellant would show the Court that: enforcement of the deed of trust is barred by the statute of limitations. Plaintiff is informed and believes and based thereon alleges that more than four years has elapsed since the note secured by the deed of trust was accelerated. Therefore, under Texas Civil Practices and Remedies Code, §16.035, Appellee is barred from exercising the enforcement powers under the deed of trust.

**(6)**

Under *Kingman v. The Bank Of New York, the Northern District of Texas CV. NO. 3;13-CV-1688-L,* Federal Court, the act of alleging in a complaint that more than four years have elapsed since the deed of trust was accelerated, states a sufficient claim, Appellant Brown has alleged a Claim for relief. The County Court inadvertently overlooked precedent federal law that proves Appellant has sufficiently stated a claim for relief at the Motion to Dismiss stage. This Court should reverse the Lower Court's granting of Summary Judgment and remand the case back to Court for dismissal of the Appellee's case against Appellant.

## PRAYER

This Court should grant this appeal and remand the case back with instructions that the district court should proceed with Appellant's Complaint allow the case to proceed to trial.

**March 12, 2015**                    **Respectfully submitted,**


*Pletze Brown Jr*

**Pletze Brown Jr.**

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 12-point for text and 10-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1930 words, excluding (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix)exempted by Tex. R. App. P. 9.4(i)(1).

**Signed this the 12ᵗʰ day of March, 2015.**

**Pletze Brown Jr**

# CERTIFICATE OF SERVICE

Pletze Brown, hereby certify that I mailed a true and correct copy of

the foregoing  APPEAL BRIEF addressed to  Appellee CITI MORTGAGE,

INC'S Counsel of Record:

**Lauren Christoffel**
**Barrett, Daffin, Frappier, Turner & Engel**
**15000 Surveyor Blvd, Ste 100Addison, Texas 75001-4417**


_Pletze Brown Qu_
**Pletze Brown**


**(10)**

# APPENDIX

# APPENDIX "A"

COMPANY, which was later transferred to CitiMortgage, on real estate with all improvements described as follows:

> BEING LOT 22, BLOCK GG, AMENDED PLAT GREENLEAF VILLAGE PHASE ONE, AN ADDITION TO THE CITY OF DALLAS, TEXAS, ACCORDING TO THE MAP OR SAID ADDITION AS RECORDED IN VOLUME 2002144, PAGE 1586, MAP RECORDS OF DALLAS COUNTY, TEXAS.

(hereinafter, the "Property").

3. Prior to the filing of this petition, Mortgagor was in default according to the terms and conditions of the Note and Deed of Trust. According to the books and records of CitiMortgage, Mortgagor was seriously delinquent on the obligation for the Property. Mortgagor was contractually due for the May 1, 2009, payment and all subsequent payments. As of October 6, 2009, the approximate outstanding balance on the note was $112,806.40, plus attorney's fees and cost.

4. Pursuant to the Deed of Trust and state law, CitiMortgage served on Mortgagor a Notice of Default and Intent to Accelerate via certified mail on July 2, 2009. The Notice stated the total default of $4,039.69 and provided Mortgagor thirty (30) days to cure the default. Mortgagor failed to cure the default.

5. In accordance with the Deed of Trust and state law, CitiMortgage sent to Mortgagor, via certified mail, a Notice of Acceleration of the Debt together with a Notice of Substitute Trustee's Sale on August 28, 2009, posting the property for the October 6, 2009, foreclosure sale.

6. CitiMortgage proceeded with the foreclosure sale and the Property was sold to CitiMortgage on October 6, 2009. A Substitute Trustee's Deed was recorded on November 13, 2009, providing notice of the completed sale of the Property to CitiMortgage.

7. From 2009 to 2014 CitiMortgage and Mortgagor were involved in numerous pending eviction lawsuits. After confirming in August 2014 that all pending eviction actions were dismissed, on August 13, 2014, CitiMortgage sent to Mortgagor and all occupants of the Property Notice to Vacate the Premises.

# APPENDIX "B"

**KINGMAN HOLDINGS, LLC AS TRUSTEE OF THE DRAYTON DRIVE 8645 LAND TRUST,**
**Plaintiff,**

**v.**

**THE BANK OF NEW YORK, AS TRUSTEE,**
**Defendant.**

Civil Action No. 3:13-CV-1688-L.

**United States District Court, N.D. Texas, Dallas Division.**

July 31, 2013.

# MEMORANDUM OPINION AND ORDER

SAM A. LINDSAY, District Judge.

Before the court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), filed on May 9, 2013, and Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15), filed June 24, 2013. After carefully considering the motion, briefing, pleadings, and applicable law, the court vacates the order of reference to the magistrate judge (Doc. 12) of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), denies as moot Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7) in light of Defendant's later filed motion to dismiss Plaintiff's Amended Complaint, and denies Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15).

# I. Background

This is a mortgage foreclosure case that was originally brought by the trustee of the Drayton Drive 8645 Land Trust ("Plaintiff") on March 27, 2013, in the County Court at Law No. 4, Dallas County, Texas, against Defendant The Bank of New York, as Trustee ("Defendant"). In its Amended Complaint, the live pleading, Plaintiff alleges that it acquired the property at issue located at 8645 Drayton Drive, Dallas, Texas (the "Property") on January 17, 2012. Plaintiff further alleges that its predecessor acquired the Property on November 4, 2008, at a Home Owners Association lien foreclosure sale.[1] In addition, Plaintiff alleges that the Property was previously owned by Milton Carrero and Herman Carrero (the "Carerros"), who took title to the Property on December 27, 2005. Plaintiff acknowledges that, when the Carreros acquired the Property, there was a deed of trust ("Deed") in favor of America's Wholesale Lender ("AWL") recorded in the county records, and that an assignment of the Deed from AWL to Defendant was recorded on August 4, 2011. Plaintiff further alleges that Defendant has taken steps to foreclose on the Property by recording a notice of foreclosure with the Dallas County clerk indicating that the borrowers are in default under the Deed.

Plaintiff has asserted a quiet title claim and seeks a declaratory judgment "and/or injunctive relief" to prevent Defendant from foreclosing on the Property. Pl.'s Compl. 4. Plaintiff alleges that more than four years have elapsed since the note ("Note") secured by the Deed was accelerated. Plaintiff therefore contends that Defendant is barred by

2

applicable statute of limitations under section 16.035 of the Texas Civil Practices and Remedies Code from exercising enforcement powers under the Deed.

Defendants removed the action to federal court on May 2, 2013. On May 9, 2013, Defendants moved for dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 30, 2013, Plaintiff filed its Amended Complaint. On June 24, 2013, Defendant moved to dismiss Plaintiff's Amended Complaint. In support of its motion to dismiss Plaintiff's Amended Complaint, Defendant attaches to its motion a copy of the Declaration of Covenants, Conditions and Restrictions for Valley Ranch Phase III Homeowners Association ("Declaration of Covenants").

For the reasons herein discussed, the court will deny as moot Defendants' original motion to dismiss. The court further concludes that dismissal of this action, based on the pleadings, is premature. The court will therefore deny Defendant's motion to dismiss Plaintiff's Amended Complaint.

## II. Rule 12(b)(6) — Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

3

citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555* (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal, 556 U.S. at 679*.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007); Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)*. In ruling on such a motion, the court cannot look beyond the pleadings. *Id.; Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 530 U.S. 1229 (2000)*. The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)*. Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)*). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to

dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

5

# III. Analysis

## A. Whether Plaintiff has Standing to Bring this Lawsuit

Defendant contends that the Note and Deed are between it and Milton Carrero, that Plaintiff was not a party to the Note and Deed, and that Plaintiff therefore has no legal rights or interests in the Property and no standing to assert claims based on the Note and Deed. For support, Defendant cites *Stine v. Stewart, 80 S.W.3d 586, 589 (Tex. 2002)*; *MCI Telecommunications Corporation v. Tex. Utilities Electric Company, 995 S.W.2d 647, 651 (Tex. 1999)*; and *Bittinger v. Wells Fargo Bank, NA, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010)*.

The issue in all of these cases was whether the plaintiff had standing to bring a breach of contract claim against the defendant as either a party, assignee, or third party beneficiary to the contract. Here, Plaintiff has not asserted a breach of contract claim against Defendant under the Note or Deed. Thus, the cases cited by Defendant and the reasoning in those cases are inapplicable to the claims asserted in this case. Moreover, Plaintiff alleges that it purchased the Property from the Carreros. Accordingly, Defendant is not entitled to dismissal of Plaintiff's quiet title claim and request for declaratory judgment on this ground.

## B. Declaratory Judgment

## 1. Presence of Actual Controversy

Defendant contends that Plaintiff seeks a declaration that Defendant is barred from exercising enforcement powers under the Deed but fails to allege any facts beyond the

conclusory, speculative assertion that Defendant has no right to foreclose on the Property. Defendant further asserts that Plaintiff has the burden with respect to its request for declaratory judgment and is attempting to improperly shift the burden to Defendant of proving that it is the owner or holder of the original Note and Deed prior to foreclosing on the Property. To support its contention that Plaintiff has the burden of proof as to its request for declaratory judgment, Defendant cites *Val-Com Acquisitions Trust v. Chase Home Finance, Limited Liability Company*, 434 F. App'x 395, 396 (5th Cir. Tex. 2011). Based on the foregoing case, as well as *Val-Com Acquisitions Trust v. SunTrust Mortgage Company*, No. 11-10055, 2011 WL 3241929 (5th Cir. July 27, 2011); and *Val-Com Acquisitions Trust v. Chase Home Finance, Limited Liability Company*, 428 F. App'x 364, 365 (5th Cir. June 13, 2011), Defendant contends: "In cases where the plaintiff-mortgagor seeks a declaration of the putative-mortgagee's right to foreclose, a plaintiff who merely questions the authority of the putative-mortgagee to foreclose fails to state a claim." Def.'s Br. 5.

Defendant's burden shifting argument is the same as that previously raised by Defendant's counsel and rejected by this court in *Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2013 WL 1091272 (N.D. Tex. Mar. 15, 2013). As the court noted in *Preston*:

> Whether Plaintiffs have the ultimate burden of proof at trial on any of their claims is irrelevant here because, for purposes of Defendants' Rule 12(b)(6) motion, Plaintiffs have no burden of proof. Rather, the issue is whether Plaintiffs, based on their pleadings, have stated a claim upon which relief can be granted. While *Val Com Acquisitions Trust* and *Misczak* involved Rule 12(b)(6) motions, the issue in these cases was not the parties' burdens of proof but instead whether they

7

had stated sufficient facts to state a claim to satisfy the actual case and controversy requirement for a federal declaratory judgment action.

*Id.* at *5. Thus, Defendant's burden shifting contention is without merit and misconstrues the case authority cited. Moreover, contrary to Defendant's assertion, Plaintiff's Amended Complaint does not appear to contest Defendant's status as the owner or holder of the original Note and Deed. Plaintiff instead alleges that Defendant does not have the right to enforce the Deed by administering a foreclosure of the Property because more than four years have elapsed since the Note secured by the Deed was accelerated. Plaintiff further alleges, and Defendant acknowledges, that Defendant has taken steps to foreclose on the Property pursuant to the Deed. Thus, unlike the cases relied on by Defendant, the facts as alleged in this case do not present a hypothetical or conjectural situation but instead present an actual controversy because Plaintiff alleges that more than four years have elapsed since the Note secured by the Deed was accelerated and that, as a result, Defendant does not have the right to foreclose under the Deed. Plaintiff has therefore met its burden of establishing the existence of an actual controversy for purposes of the Declaratory Judgment Act.[2] For all of these reasons, the court determines that Defendant is not entitled to dismissal of Plaintiff's request for declaratory judgment on these grounds.

## 2. Whether the Request for Declaratory Judgment is Improper

Defendant contends that Plaintiff's declaratory judgment claim is improper "because it is effectively trying to determine title to real property." Def.'s Br. 6. Defendant asserts that

8

under Texas law, a declaratory judgment cannot be used to adjudicate title because section 22.01 sets forth the exclusive means and remedy *for a trespass to try title action.* Plaintiff has asserted a quiet title claim, not a trespass to try title action. Moreover, Defendant fails to explain why this court cannot consider Plaintiff's request for declaratory judgment under the Federal Declaratory Judgment Act ("FDJA"), as it pertains to the dispute regarding the parties' rights and interests in the Property and Defendant's authority to foreclose, in light of its determination that Plaintiff has satisfied the actual controversy requirement for relief under the FDJA. Accordingly, Defendant is not entitled to dismissal of Plaintiff's request for declaratory judgment on this ground.

## C. Defendant's Authority to Foreclose

## 1. Whether Defendant has a Superior Right or Interest in the Property

Defendant contends, based on the Declaration of Covenants, that its rights or interest in the Property are superior to those of Plaintiff. The Declaration of Covenants relied on by Defendant is not referenced in or attached to Plaintiff's Amended Complaint. Consequently, the court cannot consider the Declaration of Covenants in ruling on Defendant's motion to dismiss pursuant to Rule 12(b)(6) because it is outside the pleadings. *Gines, 699 F.3d at 820*. Thus, Defendant is not entitled to dismissal of Plaintiff's claims on this ground.

9

## 2. Equitable Right of Redemption

Defendant contends that Plaintiff has no equitable right to redeem the Property. While the issue of redemption was raised in Plaintiff's Original Petition, there is no reference to it in the Amended Complaint. Accordingly, Defendant is not entitled to dismissal of Plaintiff's claims on this ground.

## 3. Statute of Limitations

Defendant contends that Plaintiff's allegation that the statute of limitations has run on Defendant's time to foreclose on the Property is baseless. Defendant contends that dismissal of this action is appropriate because Plaintiff does not allege when the loan was accelerated and instead relies on speculation that it has been four years since the loan was accelerated. The court disagrees and concludes that Plaintiff's allegation, that more than four years have elapsed since the Note secured by the Deed was accelerated, is sufficient as this stage. The court will therefore deny Defendant's motion to dismiss on this ground.

## D. Request for Injunctive Relief

Defendant contends that Plaintiff's request for injunctive relief should be denied because it has no cognizable cause of action and it has not request any other valid remedy or relief. Plaintiff's request for a temporary restraining order was denied on May 6, 2013, based on the record before the court, but this does not preclude injunctive relief if Plaintiff can later satisfy the elements required to grant injunctive relief. Further, given that the court has determined that Defendant is not entitled to dismissal of Plaintiff's claims at this juncture, a ruling on Plaintiff's request for injunctive relief would be premature.

10

# IV. Conclusion

For the reasons herein stated, the court vacates the order of reference to the magistrate judge (Doc. 12) of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), denies as moot Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7) in light of Defendant's later filed motion to dismiss Plaintiff's Amended Complaint, and denies Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15).